**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **VICENTE RODRIGUEZ MACHADO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1843-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Vicente Rodriguez Machado, a noncitizen[1] and Cuban national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule. Doc. 5. The Petition is at issue.

At approximately the same time Petitioner filed the Petition, he filed an identical Writ for Habeas Corpus in the U.S. District Court for the Northern District of Texas. Pet., *Machado v. Mullin*, No. CIV-26-2146-G, Doc. 3 (W.D. Okla. July 21, 2026) ("*Machado II*"). The Northern District of Texas transferred *Machado II* to this Court. Mem. Opinion & Order Transferring Case, *Machado II*, Doc. 4 (July 27, 2026). The Court consolidated *Machado II* with this matter because they "involve common questions of law and fact."

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Doc. 9 at 1; *Machado II*. The analysis for *Machado II* is identical to the analysis for the claims asserted in the Petition, Doc. 1.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and dismiss the Petition as moot in part. The undersigned recommends the Court order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. Background

Petitioner, a citizen of Cuba, entered the United States on or before March 8, 2022. Resp. at 1, Doc. 7-2 at 1 (ICE Encounter Details).[2] On March 15, 2022, ICE released him on an Order of Release on Recognizance. Resp. at 1; Doc. 7-3 at 2-4 (March 2022 Order of Release). ICE detained Petitioner a second time and, on June 6, 2023, released him on an Order of Release on Recognizance. Resp. at 1; Doc. 7-3 at 1 (June 2023 Order of Release).

Law enforcement officers in Farmers Branch, Texas, arrested Petitioner on August 29, 2025, on an assault charge.[3] Resp. at 2; Doc. 7-2 at 1-2. On September 15, 2025, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear, and charged him with being inadmissible

[2] Citations to filings are to the CM/ECF pagination in the headers of documents.

[3] It is unclear whether this charge remains pending. Respondents state it is, but cite only to ICE narratives created on August 29 and November 1, 2025. Resp. at 2 (citing Doc. 7-2 at 2). Petitioner states the state court case "settled." Reply at 2. The status of the state court case is not material to the undersigned's analysis.

under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Resp. at 2; Doc. 7-1 at 1 (Notice to Appear).

On October 22, 2025, an Immigration Judge ("IJ") ordered Petitioner removed when Petitioner did not appear for his removal hearing because he was in state custody. Resp. at 2; Doc. 1-1 at 1 (indicating Petitioner was "in custody for a misdemeanor from August 2025 to November 2025"); Doc. 7-4 at 3-4 (Oct. 2025 IJ Order). Petitioner was transferred to ICE custody on November 1, 2025. Pet. at 5; Resp. at 2; Doc. 7-5 at 1 (Warrant of Removal/Deportation). The IJ later reopened Petitioner's immigration case. Resp. at 2; Doc. 7-6 at 3-4 (Nov. 2025 IJ Order). On February 11, 2026, an IJ ordered Petitioner removed and denied his asylum and withholding of removal requests. Resp. at 2; Doc. 7-7 at 1 (Feb. 2026 IJ Order). Petitioner appealed the IJ's decision to the Board of Immigration Appeals, and the appeal is currently pending. Resp. at 2; Doc. 1-1 at 1; Doc. 7-8 at 1 (Filing Receipt for Appeal). *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Sept. 3, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but acknowledge the controlling effect of *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Resp. at 2-3. Petitioner does not allege he requested a bond hearing. Such a request, though, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.[4] Pet. at 1; Resp. at 2. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 3, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his continued detention for more than eight months violates his right to due process. Pet. at 7; Doc. 1-1 at 3; Reply at 1.

- **Count II: Illegal Detention.** Petitioner alleges he missed an October 2025 court date for his immigration case as a result of being detained in state custody. Pet. at 7. He also alleges he was "illegally arrested" and ICE "kept [him] in prison with felons." Doc. 1-1 at 3. Petitioner alleges his detention violates the Immigration and Nationality Act ("INA"). Reply at 1.

---

[4] Before transfer to Cimarron Correctional Facility, ICE detained Petitioner at Prairieland Detention Center in Alvarado, Texas. Doc. 1-1 at 1. While detained in Texas, Petitioner sought a writ of habeas corpus. Findings, Conclusions and Recommendation, *Machado v. U.S. Immigration & Customs Enf't*, No. 26-CV-1364, Doc. 7 (N.D. Tex. May 14, 2026) ("*Machado I*"). The Northern District of Texas dismissed *Machado I* on June 15, 2026, without prejudice to re-filing. *Id.*; Order of June 15, 2026, *Machado I*, Doc. 8 (N.D. Tex.); Judgment, *Machado I*, Doc. 9 (N.D. Tex. June 15, 2026). That court did so because the claims Petitioner included were premature. *Machado I*'s claims were different than the claims asserted in this Petition. *Compare* Pet., Doc. 1, *with* Findings, Conclusions and Recommendation, *Machado I*, Doc. 7 at 2 n.2 (indicating, in *Machado I*, Petitioner "did not appear to challenge his pre-final-removal-order detention," as he does in the current lawsuit). After *Machado I* was dismissed, Petitioner filed this case and *Machado II*, which have been consolidated. Section 2244(a) of Title 28 of the United States Code does not bar Petitioner's current § 2241 habeas challenge because § 2244(a) only applies to a petitioner in detention "pursuant to a judgment of a court of the United States," and Petitioner's detention is not pursuant to such a judgment. *See Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007) (per curiam) (addressing a § 2241 habeas challenge to a military court-martial conviction by citing other circuits' opinions addressing § 2241 petitions by immigration detainees).

- **Count III: Disobeying Federal Judge's Order.** Petitioner alleges a federal judge in the Northern District of Texas ordered ICE not to transfer him from that district, but ICE moved Petitioner to Cimmaron Correctional Facility in May 2026. Pet. at 8; Doc. 1-1 at 1-2.

- **Count IV: Bond Hearing.** Petitioner alleges he was not provided a bond hearing. Pet. at 8; Doc. 1-1 at 3; Reply at 1.

The undersigned construes the first and fourth claims in the Petition to assert violations of due process under the Fifth Amendment and of the INA—i.e., that continued detention under 8 U.S.C. § 1225(b)(2) is unlawful because that provision does not apply to noncitizens, like Petitioner, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Respondents understood Petitioner's first and fourth claims similarly and have addressed these issues. Resp. at 2-3. Petitioner asks the Court to order his immediate release, or alternatively, supervised release. Pet. at 8.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been

admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Respondents maintain Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A). Resp. at 3. The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner, which Respondents acknowledge. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." 180 F.4th at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL 2113998, at *2 (W.D. Okla. July 22, 2026) (holding in

accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[5]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)); *see also Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner").

**A. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" or, alternatively, asks the Court to order "supervised release." Pet. at 8. The undersigned concludes a bond hearing is the proper

---

[5] This conclusion is also in accord with persuasive authority in the First, Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

remedy for a noncitizen detained under § 1226(a). *Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Zhong*, 2026 WL 2113998, at *2 (concluding because § 1226(a) governs the petitioner's detention, he "is therefore entitled to a bond hearing"). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[6]

### B. The Court should decline to address Petitioner's due process, wrongful-transfer, and warrantless-arrest claims.

Petitioner also argues that his continued detention without a bond hearing violates his rights to due process. Pet. at 7. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the due process claim based on his continued detention. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

---

[6] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

The Court also should decline to address Petitioner's claim that ICE violated a court order from *Machado I.* In that case, the court ordered ICE not to "transfer Petitioner outside the Northern District of Texas" on May 1, 2026. Doc. 1-2 at 1. ICE transferred Petitioner from Prairieland Detention Center in Alvarado, Texas, to Cimarron Correctional Facility in Cushing, Oklahoma, on May 27, 2026, when the prior order prohibiting transfer was effective. Resp. at 4. Respondents concede Petitioner's transfer was a "violation of a court order" and provide no explanation for why the violation occurred. *Id*. at 4-5.

Only the Northern District of Texas can assess penalties or provide a remedy, if any, for a violation of that court's order. *See, e.g.*, *In re Montano*, Nos. 7-04-17866, 7-1026, 2007 WL 2688606, at *2 (Bank. D.N.M. Sept. 10, 2007) ("As a general rule, only the court that issues the disobeyed order or injunction has jurisdiction to hold a violator in contempt." (collecting cases)). As a result, the undersigned recommends the Court decline to decide the merits of Petitioner's claim he was transferred in violation of the *Machado I* order.

Finally, to the extent Petitioner alleges the INA was violated because he was arrested without a warrant, Reply at 1, Respondents submitted a copy of the warrant dated November 1, 2025, which is the date Petitioner's ICE detention began. Doc. 7-5 at 1. He has not demonstrated any deficiency in the warrant. As such, the Court should deny Petitioner's claim for relief based on a warrantless arrest.

**C. The Court should dismiss Petitioner's remaining claim as moot.**

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). This means "an actual controversy must be extant at all stages of

review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner argues his detention is illegal because it caused him to miss an October 22, 2025, hearing before an IJ. Pet. at 7; *see also* Doc. 7-4 at 3-4. However, an IJ subsequently reopened Petitioner's immigration proceedings, Doc. 7-6 at 3-4, which is the relief Petitioner seeks. *See* Pet. at 7 (indicating Petitioner was not aware of the October 2025 hearing with an IJ due to his detainment). A new hearing was provided to Petitioner in place of the one he missed due to his non-ICE detention. Doc. 7-7 at 1.

The relief Petitioner requests is no longer available and cannot be redressed by a favorable judicial decision. Accordingly, the undersigned recommends the Court dismiss as moot Petitioner's claim related to the October 22, 2025 IJ hearing. *Cf. Quintanilla v. Figueroa*, No. CIV-26-797-G, 2026 WL 2302459, at *1 (W.D. Okla. Aug. 10, 2026) (dismissing a habeas petitioner's claims as moot because the petitioner was subject to mandatory detention under § 1231).[7]

---

[7] By recommending the Court dismiss this claim as moot, the undersigned does not determine whether the Court would have jurisdiction to order relief if the claim was not moot.

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court (i) **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period; and (ii) **DISMISS as moot** the Petition to the extent it seeks relief for Petitioner's detention during an IJ hearing.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 11, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 16, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 3rd day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE